UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTHA JANE MCNEELY,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF ENERGY, et al.,<br><br>          Defendants. | Case No.  5:14-cv-03509-EJD<br><br>**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS, GRANTING GENERAL ELECTRIC'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING FEDERAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 30, 34, 45, 49 |

Plaintiff Martha McNeely, appearing pro se, brings a variety of claims arising from (1) her requests under the federal Freedom of Information Act ("FOIA") and Privacy Act ("PA") and (2) injuries she allegedly suffered from childhood medical treatments. Defendants are a range of federal government agencies and employees (together, the "Federal Defendants") and private entities.

Before the Court are the Federal Defendants' motion to dismiss, General Electric Company's ("GE") motion to dismiss, McNeely's motion for summary judgment, and the Federal Defendants' motion for summary judgment. McNeely's motion will be denied and the other motions will be granted.

## I. BACKGROUND

McNeely submitted two requests for records to the Department of Energy ("DOE"). First, on June 21, 2012, McNeely submitted a PA request seeking copies of medical records from her childhood on the Hanford nuclear reservation from 1947 through 1953. Defs.' Mot. for Summ. J. ("Defs.' MSJ") 2, Dkt. No. 49 (citing the declaration of DOE employee Dorothy Riele). The DOE conducted a search and located an index card containing McNeely's name and an "X-Ray Record Sheet." Id. at 4–5. The DOE provided these documents and a letter summarizing the results of the search (with the names of third parties redacted). Id. at 5. McNeely appealed and her appeal was denied. Id.

Second, on February 2, 2014, McNeely submitted a FOIA request seeking records relating to a study conducted from 1948 to 1952 where she alleges she "was a subject." Id. The DOE conducted a search and did not locate any responsive documents. Id. at 7. McNeely appealed and her appeal was denied. McNeely then filed this action, bringing a variety of claims related to her FOIA/PA requests, as well as claims relating to her childhood medical treatment. First Am. Compl. ("FAC"), Dkt. No. 25.

## II. LEGAL STANDARD

### A. Summary Judgment

"Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Samuels v. Holland American Line— USA Inc., 656 F.3d 948, 952 (9th Cir. 2011) (citing Fed. R. Civ. P. 56(a)). The Court "must draw all reasonable inferences in favor of the nonmoving party." Id. "The central issue is 'whether the

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)). Pro se pleadings and motions should be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

## B. Summary Judgment in FOIA Cases

If an agency withholds information that is responsive to a FOIA request, it must prove that the information falls within a statutory exception to the disclosure requirement. See Dobronski v. FCC, 17 F.3d 275, 277 (9th Cir. 1994). The agency may submit affidavits to satisfy its burden, but "the government 'may not rely upon conclusory and generalized allegations of exemptions.' " Kamman v. IRS, 56 F.3d 46, 48 (9th Cir.1995) (quoting Church of Scientology v. U.S. Dep't of the Army, 611 F.2d 738, 742 (9th Cir.1979)). The agency's "affidavits must contain 'reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption.' " Id. (quoting Lewis v. IRS, 823 F.2d 375, 378 (9th Cir. 1987)).

## C. Dismissal under Rule 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

### A. Federal Defendants' Motion for Summary Judgment and McNeely's Motion for Summary Judgment

The Federal Defendants seek summary judgment on McNeely's FOIA/PA claims, arguing that (1) their search for responsive documents was adequate, (2) information about third parties

United States District Court
Northern District of California

was properly withheld, and (3) an individual, Poli A. Marmolejs, is not a proper defendant.

First, the Court finds that the Federal Defendants' search was adequate. "In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith." Zemansky v. U.S. E.P.A., 767 F.2d 569, 571 (9th Cir. 1985) (citing Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). Here, the Federal Defendants have met their burden by providing detailed declarations from Amy Rothrock, Dorothy Riehle, and Jonathan Dudley.

Second, the Court finds that that Federal Defendants properly withheld information about third parties. Under FOIA's Exemption 6, the government may not disclose "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The medical records at issue here are precisely the type of information that Exemption 6 protects from disclosure. McNeely has not demonstrated any public interest that disclosure would serve. See Lahr v. NTSB, 569 F.3d 964, 973 (9th Cir. 2009) (holding that courts must "balance the privacy interested protected by the exemptions against the public interest in government openness that would be served by disclosure").

Third, the Court finds that Poli A. Marmolejos, an individual, is not a proper defendant. See, e.g., Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir. 1987) ("Neither the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency."); accord Hewett v. Grabicki, 794 F.2d 1373, 1377 (9th Cir. 1986).

Accordingly, the federal defendants' motion for summary judgment will be granted. For the same reasons, McNeely's motion for summary judgment will be denied.[1]

---

[1] In her motion for summary judgment, McNeely argues that the Federal Defendants should have provided a Vaughn index with its response to her document requests. Dkt. No. 45 at 6. But McNeely has not established that the Federal Defendants were required to do so. See Fiduccia v. U.S. Dep't of Justice, 185 F.3d 1035, 1042–43 (9th Cir. 1999) ("There is no statutory requirement of a Vaughn index or affidavit. . . . [O]ur precedents plainly hold that neither a Vaughn index nor

**B.    General Electric's Motion to Dismiss**

McNeely alleges that General Electric Company ("GE"), and individuals associated with it, are liable for injuries arising from the period when GE was a contractor at Kadlec Hospital. FAC ¶¶ 3, 26–52. GE argues that McNeely's claims are barred by the doctrine of res judicata because she has already litigated them in another case, In Re Hanford Nuclear Reservation Litigation. Dkt. No. 34 at 3.

Res judicata applies when there is (1) an identity of claims (including claims arising from the same events that could have been brought in the earlier action), (2) a final judgment on the merits, and (3) privity between the parties. Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051–52 (9th Cir. 2005).

The Court agrees that all three factors are satisfied here. First, McNeely asserts the same claims here that she asserted in the earlier litigation. Second, the earlier litigation resulted in a final judgment on the merits. See Dkt. No. 35 Ex. A (attaching the order granting summary judgment against McNeely). Third, GE was also a defendant in the earlier litigation.

Accordingly, GE's motion to dismiss will be granted.

**C.    Federal Defendants' Motion to Dismiss**

In addition to her FOIA/PA claims, McNeely appears to assert various tort claims against government entities arising from medical treatment she received from 1948 to 1953. FAC ¶¶ 26–45. McNeely must pursue her claims under the Federal Tort Claims Act. See 28 U.S.C. §§ 1346(b), 2679(b)(1). Actions under the Federal Tort Claims Act must be instituted within two years of accrual by filing a claim with the appropriate administrative agency. 28 U.S.C. § 2401(b). McNeely brought her claims outside of the two-year limitations period. Accordingly, the Court finds that McNeely's claims (other than her FOIA/PA claims) are untimely and must be dismissed.

an affidavit is necessarily required in all cases.")

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS, GRANTING GENERAL ELECTRIC'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING FEDERAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## IV. CONCLUSION

The Court orders as follows:

1. The Federal Defendants' motion to dismiss (Dkt. No. 30) is GRANTED.

2. GE's motion to dismiss (Dkt. No. 34) is GRANTED.

3. McNeely's motion for summary judgment (Dkt. No. 45) is DENIED.

4. The Federal Defendants' motion for summary judgment (Dkt. No. 49) is GRANTED.

The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 15, 2017

EDWARD J. DAVILA
United States District Judge